# PROBATE COURT

## No. 486

### STATE ex OVERHOLSER v. WOLF et.

Probate Court of Montgomery Co.

685. JUSTICES OF THE PEACE—Final jurisdiction—The assumption that justices of the peace have final jurisdiction in misdemeanors other than pure food and like enactments is erroneous - - for 13432 GC. does not confer jurisdiction on justices of the peace but merely directs the method of procedure for empanelling a jury in those cases (pure food enactments, etc. 3718-A-Revised statutes) in which they have been granted final jurisdiction.

681. JURISDICTION—The Motor Vehicle Act does not confer jurisdiction on justices of the peace in prosecutions for violation of its provisions, and no jurisdiction exists to fine or imprison by virtue of 13432 GC.

ROUTZOHN, J.

Sanford Overholser was arrested on Jan. 25, 1927, by T. A. Koons and taken before Charles H. Borchers, a justice of the peace where he was charged, in an affidavit sworn to by Koons, with the violation of 12603-1 GC. which provides that "whoever operates a motor vehicle on the public roads and highways without due regard for the safety and rights of pedestrians, and drivers and occupants of all other vehicles - - - shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined as hereinafter provided."

Overholser pleaded not guilty, signed a waiver of jury, was tried and found guilty, assessed a fine of $10.00 and costs, and was committed to the county jail upon his refusal to pay said fine and costs.

Relator seeks release on a writ of habeas corpus, his counsel contending that the justice of the peace was without jurisdiction to finally hear and determine the case, to assess the fine, or commit in default of payment thereof. The Probate Court held:

1. The Supreme Court has held that a justice's court is one of liimted jurisdiction and that by no implication or construction can its jurisdiction be extended beyond the plain language of the statutory law as contained in the General Code.

2. Section 13432 provides:—"In prosecutions before a justice, police, judge or mayor, where imprisonment is part of the punishment, if a trial by jury is not waived, the magistrate, not less than three days nor more than five days before the time fixed for trial, shall certify to the clerk of the court of common pleas of the county that such prosecution is pending before him."

3. Sec. 13432 GC. was originally 3718-A, Revised Statutes, which provided that, "Any justice of the peace - - - shall have jurisdiction within his county in all cases of violation of the laws to prevent the adulteration of food and drink - - - in any such prosecution where imprisonment is part of the punishment - - - etc."

4. The codifying commission separated this statute, the first part becoming 13423 and the latter part 13432 GC.; but in compiling 13432 GC., omitted the words "in any such", which in the original section undoubtedly referred to pure food law violations, etc.

5. It is because of this omission that confusion arose and it was assumed that justices have final jurisdiction in misdemeanors other than pure food and like enactments where final jurisdiction was specifically granted.

6. This assumption is erroneous. Sec. 13432 GC. does not confer jurisdiction on justices of the peace, but merely directs the method of procedure for empanelling a jury in those cases, i. e., pure food enactments, etc. in which justices have been granted final jurisdiction.

7. The Motor Vehicle Act does not confer final jurisdiction on justices in prosecutions for the violations of its provisions and the justice was without jurisdiction to fine or imprison Overholser by virtue of 13432 GC.

8. A defendant is not entitled to the right of trial by jury where a fine is the sole punishment. A waiver of a right which does not exist is a nullity. A waiver of a right of trial by jury is ineffectual and can grant jurisdiction in no case unless the statute prescribed imprisonment as part of the penalty.

9. Overholser, as charged, was not amenable to punishment by imprisonment, and the justice therefore, erroneously assumed final jurisdiction in his case.

Relator is released.

Attorneys—Legler & Murray, Dayton, for Relator.